## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**D.Sider,** )
Plaintiff, )

v.

Case: 1:26-cv-03966
Assigned To : Reyes, Ana C.
Assign. Date : 11/10/2026
Description: TRO/PI (D-DECK)

**U.S. DEPARTMENT OF THE INTERIOR;** )
**NATIONAL PARK SERVICE,** )
Defendant, )
)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

1. This case is about a promise Congress made to the American people in 1897. Congress passed **"An Act declaring the Potomac Flats a public park, under the name of the Potomac Park," Act of Mar. 3, 1897, ch. 375, 29 Stat. 624** declaring that the land would be **"forever held and used as a park for the recreation and pleasure of the people."** That promise remains the law today at **D.C. Code § 10-147**.

2. The government now plans to close East Potomac Park south of Buckeye Drive including the golf course and Hains Point on or about **November 15, 2026**. The government has admitted this plan in a court filing. Closing this park would take away from ordinary people a place they use every day: to golf, to rollerblade, to ride a scooter or bicycle, to

RECEIVED
NOV 10 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

walk or jog, to picnic, **to play sports, to enjoy nature, and to enjoy the river. This includes Plaintiff, who uses the park for all of these purposes.**

3. Plaintiff brings this action in his individual capacity, based on his own personal use of the park and his own injury. Plaintiff's claim rests on the statute Congress passed for **all the people**, and the harm to the community is part of the harm to Plaintiff.

**PARTIES**

4. Plaintiff D.Sider is a resident of Arlington, VA. Plaintiff uses East Potomac Park regularly for rollerblading, scooter riding, bicycling, walking, jogging, picnicking, and golf. Plaintiff sues **pro se**.
5. Defendant U.S. Department of the Interior controls East Potomac Park through the National Park Service.
6. Defendant National Park Service administers East Potomac Park and the golf course.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under **28 U.S.C. § 1331** because this case arises under federal law, including the **Administrative Procedure Act (APA), 5 U.S.C. § 701 and following**, the **National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 and following**, the **National Historic Preservation Act (NHPA), 54 U.S.C. § 306108**, and **D.C. Code § 10-147**.
8. Venue is proper under **28 U.S.C. § 1391(e)** because the defendants are federal agencies located in this district and the park is here.

8a. Plaintiff notes the existence of the related case *DC Preservation League v. Department of the Interior*, No. 1:26-cv-00477-ACR (D.D.C.). Plaintiff is not a party to that case. This

action is brought in Plaintiff's individual capacity based on Plaintiff's own distinct injuries, and Plaintiff does not seek to represent any class or bind any nonparty.

**FACTUAL ALLEGATIONS**

9. **The 1897 promise.** The **1897 Act (ch. 375, 29 Stat. 624, codified at D.C. Code § 10-147)** states that East Potomac Park is **"made and declared a public park … and to be forever held and used as a park for the recreation and pleasure of the people."** "Forever" means forever. Only Congress can change that promise.

10. **Presidential power is not absolute.** Under **Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952),** when Congress has legislated on a subject, the President's authority is at its lowest ebb (its weakest point). When an executive order collides with a statute enacted pursuant to Congress's constitutional authority, **the statute will prevail.** A presidential directive cannot override D.C. Code § 10-147.

10a. **Executive privilege is qualified, not absolute.** Under **United States v. Nixon, 418 U.S. 683 (1974),** the Supreme Court held that executive privilege must **"yield to the demonstrated, specific need for evidence in a pending case."** The privilege protects candid advice on national policy, military affairs, or diplomacy not a personal or political project like the redevelopment of a public golf course. The timing of when planning began is a factual matter. Plaintiff reserves the right to challenge any assertion of executive privilege.

11. **The park is for everyone, not just golfers.** East Potomac Park includes **Hains Point** and the **three-mile scenic loop** on Ohio Drive. It has a **miniature golf course**, a **public swimming pool, tennis courts, athletic fields for baseball, softball, soccer, rugby, and football**, and **fishing areas**. It is part of the **East and West Potomac Parks Historic**

**District.** It is used daily by runners, cyclists, rollerbladers, scooter riders, walkers, and joggers. **National Park Service data indicate that East Potomac Park attracts nearly one million visitors yearly**, and the golf course alone **hosted 124,500 rounds in 2025 the highest number of any public golf facility in the D.C. region. The golf course is not separate from the park; it is a contributing feature within the Historic District and part of the same 329-acre public land Congress dedicated in 1897.**

12. **The golf course is a public feature of a public park, and its public character is fixed by statute.** The East Potomac golf course has been open to the public since 1919, within the same 329-acre park Congress dedicated in 1897. An 18-hole round costs no more than **$48**, but affordability is not the reason this land must remain a public park. **The reason is that Congress, by law, dedicated this land "forever" to "the recreation and pleasure of the people."** The golf course is one of the public activities within that park. Defendants' plan would convert it into a **championship-level facility** designed for major events a different purpose for the land. **A change in the statutory purpose of this land requires an Act of Congress. No agency plan, lease, or presidential directive can supply that authority.**

12a. **The current operator is a mission-driven nonprofit, not a failing business.** East Potomac has been managed by the **National Links Trust (NLT)**, a 501(c)(3) nonprofit dedicated to affordable and accessible golf, youth education, and community programming. **NLT held a 50-year lease** with the National Park Service. The administration **terminated that lease in 2026**, and NLT has confirmed that its role at East Potomac **will end on or before November 15, 2026. The government's own court filing admits that the closure will occur because "there will be no company to**

**operate that course."** This is not a safety closure. It is a closure **created** by the government's own decision to remove the operator.

13. **The government has admitted the November 15 closure.** In a related case, the government filed notice stating: **"Thereafter, on November 15, 2026, the National Park Service will close East Potomac Park south of Buckeye Drive, including the Golf Course, consistent with the President's directive."**

14. **The government's written confirmation followed months of representations that no final plan existed.** After the Court repeatedly was told that no final plan existed, the Department of Justice filed notice confirming the closure. On October 30, 2026, the Court opened a formal inquiry into whether government attorneys "made misrepresentations to the Court." The Court also granted a preliminary injunction, citing **"the discrepancy between the president's public announcements and the testimony from various National Park Service, Interior Department and Justice Department officials who testified that they had no knowledge of the plans Trump was announcing."**

14a. **The Court has now appointed a special master.** On November 7, 2026, the Court notified the parties that it intends to appoint **Jessie K. Liu**, a former U.S. Attorney for the District of Columbia, as a **special master** to investigate whether lawyers for the Justice Department, Interior Department, and National Park Service **committed ethical violations or misled the Court**. Each side must submit written responses by **Friday, November 13**.

15. **More than 400 mature trees have already been cut.** The National Park Service has already cut down **more than 400 trees** at East Potomac Park. A federal court has

recognized that **"healthy tree removal can 'clear the bar of irreparable harm.'"** The Court has already issued an injunction preventing further tree removal and requiring **10 days' written notice** before any irreversible modification. Plaintiff has personally seen the cleared areas during visits to the park and while riding through the park on a scooter.

16. **The closure will reach Hains Point and the loop.** The area south of Buckeye Drive includes nearly all of Hains Point and the perimeter loop used daily by the public.

17. **Plaintiff uses the park regularly and will be personally harmed.** Plaintiff uses East Potomac Park **as often as he can, typically two to five times per month depending on weather and the time of year, and sometimes more frequently**. Plaintiff rollerblades, rides a scooter, and bicycles through the park. Plaintiff also uses the park for golf practice and play, walking, jogging, and picnicking throughout the year. **Plaintiff uses the park to stay healthy. Walking, jogging, rollerblading, and cycling are part of how Plaintiff maintains physical and mental well-being. Luke Cancilla, a physical therapist specializing in endurance athletes, stated in a court filing in the related litigation that he "frequently recommends East Potomac Park as a safe environment in which injured athletes may resume training." Another runner testified that "running is so tied to my mental health."** The loss of this park would harm Plaintiff's health, not only his recreation.

18. **The harm extends beyond Plaintiff.** The closure would affect the **larger community that relies on East Potomac Park, including Hains Point, the golf course, the loop road, and the picnic and athletic areas** runners, cyclists, rollerbladers, scooter riders, walkers, joggers, picnickers, fishermen, and birdwatchers from across the District, Maryland, and Virginia. **At least six public high schools use the course for daily**

**practice during their seasons. East Potomac also hosts a summer program that introduces over 170 inner-city students to golf each year.** These young athletes will lose their practice facility if the closure proceeds. **The park is a known location for observing rare snowy owls and other wildlife.** Congress dedicated this land to **"the people,"** not to a single golfer or a single group.

19. **The harm cannot be undone.** Once the park is closed and construction begins, the open road and public access will already be gone.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the 1897 Statutory Dedication (D.C. Code § 10-147)

21. Congress dedicated East Potomac Park "forever" to "the recreation and pleasure of the people." Closing the park and converting the golf course is inconsistent with that dedication. Under **Youngstown**, a presidential directive cannot supersede a specific Act of Congress. **Only Congress can change the law.** The 1897 Act is not merely a statute; it is a **congressional declaration of public trust** over East Potomac Park, and Defendants' plan to convert it into a single-purpose facility violates that trust.

### COUNT II: Violation of the National Environmental Policy Act (NEPA) (42 U.S.C. § 4321 and following)

22. Defendants are taking major federal actions closure, construction, redesign, and the destruction of more than 400 mature trees without the environmental review NEPA requires.

### COUNT III: Violation of Section 106 of the National Historic Preservation Act (54 U.S.C. § 306108) and the APA

23. East Potomac Park is listed on the National Register of Historic Places and is a contributing feature within the East and West Potomac Parks Historic District. The golf course is a major contributing resource to the Park's historic character.

24. Defendants' plan to close the park, redesign the golf course, and remove more than 400 mature trees constitutes an "undertaking" under Section 106 of the National Historic Preservation Act, 54 U.S.C. § 306108.

25. Section 106 requires federal agencies to take into account the effects of their undertakings on historic properties and to provide the Advisory Council on Historic Preservation and the public a reasonable opportunity to comment **before** approving or funding the project.

26. Defendants have not completed the Section 106 review process. They have not identified the historic properties affected, assessed the adverse effects, or provided the required public comment opportunity.

27. Defendants' failure to complete the Section 106 process violates the National Historic Preservation Act and is reviewable under the Administrative Procedure Act, 5 U.S.C. § 706.

**COUNT IV: Violation of the Administrative Procedure Act (APA) (5 U.S.C. § 706)**

28. Defendants' actions are arbitrary, capricious, and contrary to law because they proceed without required environmental review and without regard to the 1897 statutory dedication.

**PRAYER FOR RELIEF**

Plaintiff respectfully asks the Court to:

a. **Declare** that Defendants' action violates the **Act of March 3, 1897 (ch. 375, 29 Stat. 624)** and its codification at **D.C. Code § 10-147**;

b. **Declare** that Defendants' action violates the **National Environmental Policy Act (NEPA)**;

c. **Declare** that Defendants' action violates **Section 106 of the National Historic Preservation Act (54 U.S.C. § 306108)**;

d. **Declare** that Defendants' action violates the **Administrative Procedure Act (APA)**;

e. **Order and prohibit** Defendants from closing East Potomac Park, including Hains Point, the golf course, the three-mile loop, the athletic fields, and all picnic and recreational areas, and from any construction, demolition, tree removal, or change in use inconsistent with the 1897 dedication;

f. **Order and prohibit** the November 15, 2026 closure pending full compliance with NEPA and public review;

g. **Dismiss Defendants' plan** to convert the park into an exclusive golf course;

h. **Order** that Defendants may not proceed without **notifying and obtaining authorization from Congress**, because D.C. Code § 10-147 is a statutory command that only Congress can change;

i. **Order that the National Links Trust, or another qualified public operator, be preserved or restored as interim operator** so the park remains open and managed while this case proceeds;

j. Retain jurisdiction; and

k. Grant any other relief the Court deems just.

Respectfully submitted,

D.Sider, Pro Se

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **D.Sider,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| **U.S. DEPARTMENT OF THE INTERIOR;** | ) | |
| **NATIONAL PARK SERVICE,** | ) | |
| Defendant, | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I served a copy of the foregoing on all Defendants by hand delivery and/or certified mail.



D.Sider, Pro Se