**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **D.Sider,** | ) | |
| Plaintiff, | ) | |
| | ) | Case: 1:26-cv-03966 |
| v. | } | Assigned To : Reyes, Ana C. |
| | ) | Assign. Date : 11/10/2026 |
| | ) | Description: TRO/PI (D-DECK) |
| **U.S. DEPARTMENT OF THE INTERIOR;** | ) | |
| **NATIONAL PARK SERVICE,** | ) | |
| Defendant, | ) | |
| | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR A HEARING ON OR BEFORE NOVEMBER 14, 2026**

Plaintiff moves under **Federal Rule of Civil Procedure 65(b)** for a temporary restraining order restraining Defendants from closing East Potomac Park south of Buckeye Drive, including the golf course and Hains Point, on or about **November 15, 2026. Plaintiff requests an emergency hearing on or before November 14, 2026.**

**1. Likelihood of success on the merits.**

The 1897 statute **ch. 375, 29 Stat. 624, codified at D.C. Code § 10-147** says "forever" and "for the people." The government's own court filing admits the November 15 closure. Under **Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952)**, a presidential directive cannot override a specific Act of Congress. Only Congress can change the law.

RECEIVED
NOV 10 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**1a. Executive privilege does not shield this project.** To the extent Defendants assert executive privilege over the planning timeline, that privilege is **qualified, not absolute** under **United States v. Nixon, 418 U.S. 683 (1974)**. A personal golf course project is not a core Article II function, and the timing of when planning began is a factual matter.

**2. Irreparable harm, supported by specific facts.**

Plaintiff's attached affidavit states specific facts under **Rule 65(b)(1)(A)**, which requires "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result". Plaintiff uses the park **two to five times per month, weather permitting**, for rollerblading, scooter riding, bicycling, golf, walking, jogging, and picnicking. The government's own filing confirms the closure covers Hains Point and the loop. If the park closes on November 15, Plaintiff loses all of these uses **at the same time**. **More than 400 mature trees have already been cut, and the government plans to cut hundreds more.** The Court has appointed a special master to investigate government candor, and the government has confirmed that **no operator will remain after November 15**. **National Park Service data indicate nearly one million visitors yearly, and 124,500 rounds were played on this course in 2025 alone.** Under D.C. Circuit precedent, a NEPA procedural violation combined with environmental or aesthetic injury such as the removal of more than 400 healthy trees supports a finding of irreparable harm. **The health and well-being of the region's residents runners, cyclists, walkers, and injured athletes who rely on this park for rehabilitation weighs heavily against closure.** Construction and closure cannot be undone by a later judgment.

**3. Balance of equities.**

A brief order preserving the current situation imposes no comparable harm on Defendants. The government is already required in the related case to give **10 business days' notice** before any irreversible modification. **The government's own filing admits that the closure is occurring because there will be "no company to operate that course."** Preserving the status quo would simply allow the **National Links Trust** a nonprofit that has successfully managed the course and provided affordable access and youth programming to continue operating while the Court decides the lawfulness of the closure. The public's interest in preserving a free, multi-use park outweighs any financial interest the government claims.

**4. Public interest.**

Congress dedicated this land to **"the people"** in 1897. The park serves nearly one million visitors yearly and is used for golf, running, cycling, rollerblading, birdwatching, picnicking, and community recreation. Keeping the park open while the Court decides whether that dedication is being violated serves the public interest.

**5. Waiver of security under Rule 65(c).**

Plaintiff is a **pro se** individual of limited means seeking to enforce a public statutory dedication. Requiring a bond would unfairly prevent Plaintiff from protecting the public's interest.

**6. Notice under Rule 65(b)(1)(B).**

Plaintiff will provide notice of this motion to Defendants' counsel by **hand delivery to the Civil Process Clerk at 601 D Street, NW, and by email to USADC.ServiceCivil@usdoj.gov and brian.hudak@usdoj.gov**, on **Nov. 10, 2026**, or asks the Court to excuse notice because the November 15 closure date makes advance notice impractical. Plaintiff is representing himself

without a lawyer. Plaintiff learned of the closure late last week and has spent the time since preparing this filing.

## PRAYER

Plaintiff asks the Court to:

a. Issue a temporary restraining order restraining Defendants from closing East Potomac Park south of Buckeye Drive, including the golf course and Hains Point, on **November 15, 2026**;

b. **Set an emergency hearing on or before November 14, 2026**;

c. Order Defendants to preserve all records and to stop any construction, demolition, tree removal, or closure while the motion is pending; and

d. Grant any other relief the Court deems just.

Respectfully submitted,

D.Sider

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I served a copy of the foregoing on all Defendants by hand delivery and/or certified mail.

D.Sider, Pro Se