**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| D. Sider,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-3966-ACR |

**DEFENDANTS' MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff D. Sider's motion for a temporary restraining order, ECF No. 4, seeking to enjoin the closure of East Potomac Park (the "Park") fails for all the reasons already articulated in Defendants' previous opposition to Plaintiffs' D.C. Preservation League's (DCPL) motion seeking the same relief. *D.C. Preservation League v. U.S. Dept. of Interior*, 26-cv-477, ECF No. 147. Defendants incorporate by reference the arguments in that filing. Three points warrant discussion related to Plaintiffs' particular claims.

*To start,* Plaintiff, like the DCPL Plaintiffs, lacks standing. Plaintiff's claimed loss of his ability to, among other things, rollerblade, scooter ride, bicycle, golf, walk, jog and picnic in the Park during its temporary closure is no different than Plaintiff Alison Hoagland's aesthetic and recreational injuries in the ballroom case. Mot at 2; *See Nat'l Trust for Historic Pres. v. Nat'l Park Serv.*, 185 F.4th 1185, 1208 (D.C. Cir. 2026). There, Hoagland alleged that she "routinely recreates by walking in front of the White House and in Lafayette Square" and the D.C. Circuit held that the

ballroom construction would injure Hoagland's "aesthetic and recreational" interests. *Id.* at 1210 (cleaned up). But the Supreme Court rejected that theory, holding that Hoagland's allegations amounted to mere "distress at or disagreement with the activities of [the Government]," which cannot support standing. 609 U.S. at 1071 (quoting *FDA v. All. For Hippocratic Med.*, 602 U.S. 367, 390 n.3 (2024)). Here too, Sider's complaints that he cannot engage in recreational activities at his preferred location are no more than mere distress and disagreement injuries. Plaintiff must do more than allege a temporary interference with his chosen recreational locale to establish standing. *Id.* ("mere offense, disagreement, or distaste does not qualify as a concrete and particularized injury under Article III."); *see also* Defs' DCPL Opp'n, at 14-17.

*Second*, even if Plaintiff had standing, he cannot demonstrate irreparable harm. If a "plaintiff cannot show irreparable harm, his motion for a TRO must fail." *See Brehm v. Marocco*, No. 1:25-CV-660-RJL, 2025 WL 4083345, at *2 (D.D.C. Mar. 11, 2025). Plaintiff's claimed harms (the inability to use the Park "two to five times per month, weather permitting") from the temporary closure of the Park are not irreparable harm. Mot. at 2. As this Court explained, "a temporary closure of a park or recreation area," may be "an inconvenience," but it is not "irreparable harm for purposes of a preliminary injunction." *Committee of 100 on Fed. City v. Foxx*, 87 F. Supp. 3d 191, 204 (D.D.C. 2015); *see also Alley Cat Allies, Inc. v. U.S. Nat'l Park Serv.*, No. 25-4269, 2026 WL 221343, at *13 (D.D.C. Jan. 28, 2026) (concluding that temporary closure of portion of recreational trail could not establish irreparable harm); *Sovereign Inupiat for a Living Arctic v. Bureau of Land Mgmt.*, No. 3:23-cv-00058, 2023 WL 8358239, at *6 n.54 (D. Alaska Dec. 1, 2023) (recognizing that any harm from short term road closure was not irreparable). As discussed, the NPS frequently closes facilities, trails, and other features of its 434 units on a temporary basis. Defs' DCPL Opp'n, at 12-13. But while NPS' management of the Park system

sometimes inconveniences members of the public such as Plaintiff, it does not cause irreparable harm.

*Third,* Plaintiff's argument that the 1897 statute establishing the Park precludes this temporary closure reads too much into a statute establishing the Park over a century ago. Mot. at 1-2. The area now known as East Potomac Park is located on part of what was known in the nineteenth century as the "Potomac Flats." On March 3, 1897, Congress officially established a public park on the former Potomac Flats, renaming it "Potomac Park." Act of Mar. 3, 1897, ch. 375, 29 Stat. 624; 54 S. Rept. No. 1327 (1897); 54 H.R. Rept. No. 2708 (1897).[1] While the statute establishing the Park provides that it must be used as a park for the recreation of the people, it neither specifies the kind of recreation permitted on the park nor that more than one recreational opportunity be available to the public. Further, it does not prohibit temporarily closing the Park. And it does not provide textual grounds to limit NPS' discretion in managing the Park.

For these reasons, and those thoroughly explained in *D.C. Preservation League v. U.S. Dept. of Interior*, 26-cv-477, ECF No. 147, the Court should deny Plaintiff's motion for a temporary restraining order.

Respectfully submitted this 12th day of November 2026.

**ADAM R.F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**BENJAMIN HAYES**
Deputy Assistant Attorney General

/s/ *Marissa Piropato*_
**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)

[1] Plaintiff cites D.C. Code § 10-147, which incorporates federal law into the D.C. Code.

U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: 202-532-3182
Email: Marissa.piropato@usdoj.gov

*Attorneys for Defendants*